**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACQUELINE DEHALT,**

      **Plaintiff,**

-vs-                                                                          **Case No. 6:08-cv-1474-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**
_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioners' administrative decision to deny Plaintiff's application for social security benefits. For the reasons set forth herein, the administrative decision is **AFFIRMED.**

### *PROCEDURAL HISTORY*

While a resident of New York, Plaintiff filed an application for a period of disability and disability insurance benefits in May 2001 (R. 133-35). It was denied initially (R. 56-59), and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") in New York (R. 70). On April 22, 2003, the ALJ issued an unfavorable decision (R. 29). Plaintiff requested review, and the Appeals Council remanded the claim for additional proceedings (R. 83). The claim was transferred to Orlando, as Plaintiff had relocated here (R. 86, 90).

For reasons that are unclear, the supplemental hearing ordered by the Appeals Council was not held until September 7, 2006 (R. 98). A second unfavorable decision was rendered by a different ALJ on November 3, 2006 (R. 40). Plaintiff requested review of this determination and the Appeals Council again remanded the claim for further development of the record and evaluation (R. 51-55).

Another supplemental hearing was held on February 14, 2008, and the instant unfavorable decision was issued on April 17, 2008 (R. 16). The Appeals Council declined Plaintiff's request for review, making the ALJ's April 2008 decision the final decision of the Commissioner (R. 10). Plaintiff timely filed her complaint in this Court (Doc. No. 1), and the parties have briefed the issues and consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter is now ripe for resolution.

### *NATURE OF CLAIMED DISABILITY*

Plaintiff claims to be disabled as of August 15, 2000, due to panic disorder with agoraphobia, anxiety, claustrophobia and depression (R. 61, 150). Her date last insured was June 30, 2007 (R. 139).

*Summary of Evidence Before the ALJ*

At the time of the ALJ's final decision, Plaintiff was thirty-seven years old (R. 16, 133), with an associate's degree (R. 247), and past relevant work experience as a cashier at a grocery store and as a supervisor of the accounting staff at a real estate company (R. 151, 163).

The medical evidence relating to the pertinent time period is set forth in the administrative decision, and in the interest of privacy and brevity will not be repeated here, except to the extent necessary to address Plaintiff's objections. By way of summary, the medical records include treatment notes from Plaintiff's treating psychiatrist in New York, Dr. Karneya Anscelovits (R. 294, *et seq.*), and Plaintiff's treating psychiatrist in Florida, Dr. Louise Buhrmann (R. 341-362, 378). There are no records of hospitalizations due to psychiatric reasons, and the other medical records are unrelated to her claim.[1]

---

[1] For example, Plaintiff was pregnant twice during the relevant time period, and the prenatal and birth records are not alleged to be part of her disability claim.

In addition to treatment records, the administrative record includes numerous reports from examining and non-examining state agency medical experts and consultants. Additionally, Plaintiff testified at her hearings, and a Vocational Expert appeared and testified. The record also includes various reports and forms completed by Plaintiff with respect to her claimed limitations.

In his decision, the ALJ determined that Plaintiff had the severe impairments of anxiety attacks with agoraphobia and depression, but did not have an impairment or combinations of impairments that met or equaled a listed impairment (R. 21, 23). The ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to "understand detailed instructions, carry out detailed instructions, perform within a schedule, and be punctual, sustain ordinary routine tasks, without being distracted, completing a normal work week, and performing in a consistent pace. The claimant can accept criticism from supervisors, deal with changes in the work place, take precautions, and make plans. The claimant would have difficulty working in a high rise building or confined to small spaces." (R. 24). The ALJ evaluated the opinion evidence, discounting opinions of disabling limitations and crediting other opinions, and determined that Plaintiff could perform her past relevant work as a cashier (R. 26-27) and was, therefore, not disabled.

### *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable

person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## *ISSUES AND ANALYSIS*

Plaintiff asserts error in that (i) the ALJ failed to clearly articulate reasons showing "good cause" for discounting the opinions of two treating psychiatric physicians concerning the claimant's ability to function in a competitive work environment; (ii) the ALJ's decision that the claimant is not disabled is not supported by substantial evidence; and (iii) the ALJ failed to pose accurate hypothetical questions based upon substantial evidence of record to the Vocational Expert (VE). The Court is unpersuaded.

### *Treating Physicians*

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not

inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Plaintiff asserts that the ALJ erred in failing to credit the opinions of the two treating psychiatrists, Drs. Anscelovits and Buhrmann. With respect to Dr. Anscelovits, in July 2001, Dr. Anscelovits opined that Plaintiff was "able to do actual work in a low stress environment as long as no public transportation is involved, no elevators, no conflicts, and no interviews to obtain a job and therefore [Plaintiff] is limited in her ability to work in the real sense." (R. 253). In a Mental Impairment Questionnaire dated May 23, 2002, Dr. Anscelovits opined that Plaintiff would "have difficulty working at a regular job on a sustained basis and would miss work, due to her anxiety, more

than three times a month." (R. 288-293). The ALJ accepted the finding that Plaintiff was able to work in a low stress environment, but rejected the other opinions as "not supported by the evidence of record" (Doc. No. 26). The ALJ's determination is supported by substantial evidence.

Plaintiff acknowledges that the ALJ cites to several record excerpts in support of his conclusion, including the testimony of the medical expert (Dr. Fine) who noted that Plaintiff told her psychiatrist that she loved being home and motherhood and did not want to go back to work. The ALJ also cited other excerpts, including some noting that Plaintiff was anxious about her litigation against her ex-employer, and reports that she was less anxious and depressed, and she was calmer when that suit settled. While Plaintiff does not dispute these excerpts, she contends that they "fail to reveal the true extent of [Plaintiff's] anxiety disorder and the extent of the psychiatric treatments provided" and that other excerpts show a "marked inability to function outside of her home in unfamiliar or threatening environments" (Brief at 14). In short, Plaintiff contests the weight given by the ALJ to certain of the evidence, and argues greater weight should be given to contrary evidence.

This, however, is not the standard of review. The task of the Court is not to re-weigh the evidence, but to determine whether the ALJ's conclusion is supported by substantial (not unanimous, not overwhelming) evidence, even if the Court were to reach a different conclusion if it were to make the decision in the first instance. Here, the ALJ's discounting of parts of Dr. Anscelovits' opinion is so supported.

As noted by the ALJ, Dr. Anscelovits' treatment notes include only mild or moderate findings. Plaintiff was assessed with a Global Assessment of Functioning ("GAF") of 55-60, with no restrictions of her activities of daily living, slight difficulties maintaining social functioning, and seldom having deficiencies of concentration, persistence or pace (R. 21, 288, 292). Plaintiff had responded well to her medications and when she was compliant was "less depressed and with less

panic attacks but still gets them" (R. 290). The treatment notes also indicate that Plaintiff was not completely home-bound, but traveled during this time (R. 308, 306),[2] and was busy with her child and family. She frequently cancelled doctor appointments, and was often non-compliant with medications, reporting that she did not take the increased dosage of Prozac prescribed because "she didn't feel she needed it" (R. 304).

As for other evidence of record, as noted by the Commissioner, the record includes the testimony of Dr. Fine, a psychiatrist, who examined the treatment records and the IME and opined that Plaintiff had symptoms of panic disorder with agoraphobia, but did not meet the listing criteria (R. 446-447).[3] Plaintiff has never been hospitalized for psychiatric treatment and, notably, she reported that she lost her job *not* due to an inability to do it because of her alleged disability, but due to pregnancy discrimination (R. 150, 177, 343). Moreover, Plaintiff did not seek any psychiatric treatment after moving from New York in 2002 until January 2006, when she presented to Dr. Louise Buhrmann (R. 342). The ALJ's conclusion with respect to the weight to be given to Dr. Anscelovits' opinion is well supported in the record.

Dr. Buhrmann, the Winter Park psychiatrist who treated Plaintiff after she relocated to Florida, noted in her Mental Impairment Questionnaire of February 24, 2006, that Plaintiff would have "marked" degrees of limitation in ADL's and in maintaining social functioning, with three or more episodes of decompensation in work-like settings (R. 337-338). The opinion also noted that Plaintiff had a current GAF of 50, with the highest GAF in the last year also being 50 (R. 333). The ALJ

---

[2]Plaintiff testified that while in New York, she traveled to Pennsylvania every summer on weekends to see her in-laws (R. 442). Moreover, although Plaintiff asserts that she is severely claustrophobic, she drives a car and was able to fly to Florida, albeit while medicated.

[3]Plaintiff asserts that the ALJ erred in relying on the opinion of Dr. Fine, as he was not an examining or treating physician. This argument is misplaced, however, as Dr. Fine testified that he was relying on the opinion of Dr. Anscelovits, who noted that her patient could engage in low stress work. *See* R. 448.

discounted this opinion, noting that it was "not supported by treatment notes and is only conclusory statements based on claimant's subjective complaints with not [sic] evidence to substantiate its conclusion." (R. 26). The Court finds this rationale, too, is supported by substantial evidence.

Plaintiff did not see any mental health professional for a period of approximately three years after relocating to Florida and had seen Dr. Buhrmann only twice at the time of the February opinion. During the first visit, just one month prior to Dr. Buhrmann issuing the opinion that Plaintiff's GAF was only 50 for the past year, Dr. Buhrmann assessed Plaintiff with a current GAF of *60* and a GAF of *60* for the past year (R. 344). Moreover, the examination at that visit does not support the suggested limitations in the opinion. Notably, Plaintiff appeared to be (and described herself as being) only "mildly anxious" (R. 343). Further, it was noted that Plaintiff was not currently on her previous medications, which had worked "fairly well" for her in the past (R. 359). Dr. Buhrmann restarted Plaintiff on her Prozac and Ativan, suggested she try her relaxation exercises again, and sent her to an affiliated social worker for counseling (R. 361). There is nothing to support a finding of "marked" limitations in Plaintiff's ability to perform her activities of daily living in this treatment note. Substantial evidence supports the decision to discredit this opinion as being inconsistent with the treatment notes and unsubstantiated.

*Substantial Evidence supports the ALJ's conclusion that Plaintiff is not disabled*

Plaintiff next contends that the record supports Plaintiff's claim of disability, and the ALJ erred in limiting his focus to Plaintiff's ability to function in a home setting with her children (Brief at 18). While the Court agrees that illnesses such as agoraphobia and claustrophobia can be difficult to evaluate, it is not persuaded that the ALJ so limited his focus, nor that the record does not support his conclusion as to Plaintiff's ability to return to her past relevant work. While there is no objective medical test for Plaintiff's impairment, it is not the mere diagnosis of an impairment that controls, but

rather the effect of the impairment on a particular claimant's functional capacity that is crucial to a determination of disability.

The law defines disability as the inability to do any *substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(i), 423(d)(1); 20 C.F.R. § 404.1505 (emphasis added). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The plaintiff bears the burden of persuasion that she is unable to perform her past relevant work. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ evaluated Plaintiff's ability to do substantial gainful activity, and formulated an RFC based on the evidence before him. In addition to the evidence noted above, the ALJ considered Plaintiff's testimony and her self-described activities, which included the fact that she travels, drives, shops, takes care of her two small children and babysits for other children, occasionally socializes with her family and her neighbor, and performs various household chores (See *e.g.,* R. 172, 174, 247, 342, 384, 418). A claimant's daily activities are relevant to her symptoms and properly considered by the ALJ in making a disability determination. 20 C.F.R. § 404.1529(c)(3)(i); *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987). Substantial evidence supports the ALJ's conclusion that Plaintiff has not carried her burden of establishing that she is unable to perform her past relevant work.

*Vocational Expert*

Plaintiff's final contention is that the ALJ failed to pose an accurate hypothetical to the VE at hearing. This contention is misguided.

In this circuit, the ALJ must employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). Here, the ALJ did not rely on VE testimony to show that Plaintiff could perform other work in the national economy, but considered the VE testimony as evidence that Plaintiff could perform her past relevant work (R. 27). The hypothetical posed to the ALJ included the RFC as determined by the ALJ (R. 399), and the VE testified that Plaintiff could return to her past work as a cashier, with those limitations. Although Plaintiff contends that the ALJ should have included the more restrictive limitations found in Dr. Anscelovits' opinion, as explained above, the ALJ discredited that opinion, and that conclusion is supported by substantial evidence. The ALJ is not required to include in the question claims of impairment that he has found to be unsupported. *Crawford v. Comm'r of Social Security,* 363 F.3d 1155, 1161 (11th Cir. 2004). The Court finds no error.

A final note is in order. The record confirms that Plaintiff has challenges that no doubt cause her concern and a certain amount of distress. In affirming the decision of the Commissioner, the Court does not find or imply that Plaintiff's impairment is *de minimis* or insignificant. The issue before the Court, however, is not whether Plaintiff has an impairment, but rather, whether the ALJ's determination that Plaintiff's impairments were not disabling, as defined by the law, is adequately supported and was made in accordance with proper legal standards. As the Court finds this to be the case, it must affirm the decision.

## *CONCLUSION*

For the foregoing reasons, the administrative determination is **affirmed.** The Clerk is directed to enter judgment accordingly and to close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 10, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record